MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Richard G. Rosenblatt
Joseph A. Nuccio
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE VACCARO,<br><br>                  Plaintiff,<br><br>      v.<br><br>AMAZON.COM.DEDC, LLC<br><br>                Defendant | Civil Action No.:<br><br>NOTICE OF REMOVAL<br><br>Document Electronically Filed |

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Amazon.com.dedc, LLC ("Amazon" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes the above-captioned action from the Superior Court of the State of New Jersey in and for Mercer County, Case No. MER-L-001037-18, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:  upon information and belief, Plaintiff Diane Vaccaro ("Plaintiff") resides at 4 Bradford Avenue, Apt. 6, Trenton, NJ 08610 and is represented by Swartz Swidler LLC, 1101 Kings Highway N., Ste. 402, Cherry Hill, NJ 08034.  Defendant Amazon.com.dedc, LLC, is a wholly-owned subsidiary of Amazon.com, Inc., which is a Delaware corporation, and has a principal place of business at 410 Terry Avenue, North Seattle, Washington 98109.  Amazon is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2.      On or about June 4, 2018, Plaintiff filed a First Amended Complaint in the Superior Court of the State of New Jersey, Mercer, New Jersey, captioned *Diane Vaccaro, on behalf of herself and those similarly situated, v. Amazon.com.DEDC, LLC*, Civil Action No. MER-L-001037-18.

3.      In her Complaint, Plaintiff alleges Amazon failed to pay overtime to her and "other similarly situated individuals … due to Defendant's policy of not including time spent in security screenings and on meal breaks as hours worked," in purported violation of the New Jersey Wage and Hour Law ("NJWHL").  First Amended Complaint ("Compl."), Ex. A, at ¶ 1.

4.      Plaintiff brings this case as a putative class action, seeking to represent a class of "all persons presently and formerly employed by Defendant as warehouse workers who worked in New Jersey and were subject to the wage and hour policies of Defendant … at any point during the time period from two (2) years preceding the date the instant action was initiated through the present."  Compl., Ex. A, at ¶ 8.

5.      Plaintiff could have originally filed this action against Defendant in this Court pursuant to 28 U.S.C. § 1332.

6.      Plaintiff served her Summons and First Amended Complaint, along with initial discovery requests, upon Defendant on June 19, 2018.

7.      Plaintiff did not serve her original Complaint on Defendant.  The Summons that Plaintiff served upon Defendant was issued by the Superior Court on May 11, 2018.  *See* Ex. A, Summons.  Accordingly, upon information and belief, Plaintiff's original Complaint was filed on or about May 11, 2018.

8.      Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and First Amended Complaint on Defendant.  Accordingly, Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service of complaint).

9.      No proceedings have been held in the Superior Court of the State of New Jersey, Mercer County since Plaintiff filed her First Amended Complaint.  The Summons, First Amended Complaint (with Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, and Designation of Trial Counsel), First Set of Interrogatories, and First Set of Requests for Production – copies of which are attached hereto as Exhibit A – constitute the entirety of the process, pleadings, and orders Defendant has received in this case to date.  *See* 28 U.S.C. § 1447(b).

## **GROUNDS FOR REMOVAL**

10.     Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

11.     As Plaintiff brings this action as a putative class action (*see* Compl. ¶¶ 6-15), removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

12.     Amazon denies Plaintiff's factual allegations and denies that Plaintiff, or the class she purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1]  Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

The Putative Class Has More Than 100 Members

13.     Plaintiff asserts claims on behalf of a putative class comprised of "all persons presently and formerly employed by Defendant as warehouse workers who worked in New Jersey and were subject to the wage and hour policies of Defendant … at any point during the time period from two (2) years preceding the date the instant action was initiated through the present."  Compl. ¶ 8.

14.     Plaintiff alleges that the putative class has more than 100 members.  Compl. ¶ 10.

15.     Based on Plaintiff's definition, the putative class contains in excess of 10,000 non-exempt, hourly-paid employees who worked for Amazon at a New Jersey warehouse facility (or "fulfillment center") between May 11, 2016, and May 11, 2018.   Declaration of Peter Nickerson ("Nickerson Decl.") ¶ 4.

---

[1]     Amazon does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Amazon does not concede that any of Plaintiff's allegations constitute a cause of action against Amazon under applicable New Jersey law.

The Jurisdictional Amount in Controversy Requirement Is Met

16.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

17.     Amazon's burden to establish the amount in controversy is by a preponderance of the evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).  This is consistent with the Third Circuit's historically applying a "liberal" standard in determining whether the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003).

18.     Amazon denies Plaintiff's factual allegations and denies that she or the class that she seeks to represent are entitled to the relief for which she has prayed.  Amazon properly complied with the New Jersey laws at issue at all relevant times.  Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

---

[2]     This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Amazon's references to specific damage amounts is provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Amazon maintains that each of Plaintiff's claims is without merit and that Amazon is not liable to Plaintiff or any putative class member.  Amazon expressly denies that Plaintiff or any putative class member is entitled to recover any of the amounts or penalties sought in the Complaint.  In addition, Amazon denies that liability or damages can be established either as to Plaintiff or on a classwide basis.  No statement or reference

19.     In her Complaint, Plaintiff alleges that Amazon required her, along with "hundreds of other warehouse employees," to "wait … to pass through security after clocking out at the end of each shift" and "[t]o leave Defendant's premises during a meal break."  Compl. ¶¶ 32, 41.

20.     Plaintiff further alleges that she and the putative class members she seeks to represent "regularly worked/work at least 40 hours each workweek, excluding the time spent in security screenings" and were required by Amazon "to take a 30-minute unpaid meal break each workday."  *Id.* at ¶¶ 37, 39.

21.     Plaintiff asserts that she and the putative class members she seeks to represent are entitled to overtime compensation for "the additional time spent in the [security] screenings" at the end of each shift and for the entirety of their 30-minute unpaid meal breaks.  *Id.* at ¶¶ 37, 43, 49, 52.  Plaintiff does not quantify how much time she and putative class members allegedly spent in security screening at the end of each shift.

22.     Plaintiff also seeks "to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal [sic] and state law."  *Id.* at "Wherefore" clause, section 3.

23.     Plaintiff alleges that she earned $13.50 per hour as an Amazon employee and that the putative class period dates back to two years before filing of the Complaint – *i.e.*, on or about May 11, 2016.  Compl. ¶¶ 11, 18; *see also* ¶ 7, *supra*.  Based on Plaintiff's class definition, the putative class contains in excess of 10,000 members.  *See* ¶ 15, *supra*.

24.     Plaintiff alleges that she has worked for Amazon as a warehouse worker since June 19, 2017 – approximately 46 weeks before the Complaint was filed.  Compl. ¶ 17.

---

contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

25.     Plaintiff does not allege how many days she worked per week.  Based on her allegation that she and other class members "regularly worked/work at least 40 hours each workweek," Compl. ¶ 37, and assuming a 10-hour workday, Plaintiff is alleging that she worked on average at least 4 days per workweek.

26.     Accordingly, on the face of the Complaint and assuming (based on Plaintiff's allegations) that each putative class member worked on average 4 days per week and for 46 weeks during the class period, Plaintiff's second cause of action for overtime pay for all meal breaks places at least $18,630,000 in controversy: in excess of 10,000 putative class members x $13.50 per hour x 150% overtime premium x 0.5 hours meal break per work day x 4 days per week x 46 weeks = $18,630,000.

Diversity of Citizenship Exists

27.     At a minimum, one member of the putative class is a citizen of a different state than Amazon, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA.

28.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled and residence is sufficient to establish a presumption of domicile.  *See Caputo v. Astrue*, No. 08-5405, 2010 WL 1076522, at *6 (D. N.J. March 23, 2010).  Plaintiff resides in, and is thus a citizen of, the State of New Jersey.  See Compl., Ex. A, caption and ¶ 3.

29.     Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

30.     Amazon.com.dedc, LLC, a wholly-owned subsidiary of Amazon.com, Inc., is a citizen of Delaware and Washington because its sole member, Amazon.com, Inc., is incorporated in Delaware and has its principal place of business in Washington.

31.     Accordingly, the minimal diversity needed for CAFA removal is present.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

32.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Mercer County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.  *See generally* Compl., Ex. A.

33.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Mercer County, where the suit has been pending.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Mercer County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  July 19, 2018                    Respectfully submitted,

                                  MORGAN, LEWIS & BOCKIUS LLP

                                  *s/ Joseph A. Nuccio*
                                  Richard G. Rosenblatt
                                  Joseph A. Nuccio
                                  502 Carnegie Center
                                  Princeton, New Jersey 08540
                                  Telephone: (609) 919-6600
                                  Facsimile: (609) 919-6701
                                  richard.rosenblatt@morganlewis.com
                                  joseph.nuccio@morganlewis.com
                                  *Attorneys for Defendant*

## **CERTIFICATION**

       Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated:  July 19, 2018                    MORGAN, LEWIS & BOCKIUS LLP

                                  *s/ Joseph A. Nuccio*
                                  Richard G. Rosenblatt
                                  Joseph A. Nuccio
                                  502 Carnegie Center
                                  Princeton, New Jersey 08540
                                  Telephone: (609) 919-6600
                                  Facsimile: (609) 919-6701
                                  richard.rosenblatt@morganlewis.com
                                  joseph.nuccio@morganlewis.com
                                  *Attorneys for Defendant*