# EXHIBIT A

**SUMMONS**

Attorney(s) _Matthew D. Miller, Esq._

Office Address _1101 Kings Hwy N. Ste 402_

Town, State, Zip Code _Cherry Hill NJ 08034_

_____

Telephone Number _856-685-7420_

Attorney(s) for Plaintiff _Swartz Swidler LLC_

_Diane Vaccaro, on behalf of herself and_

_those similarly situated_

      Plaintiff(s)

   vs.

_Amazon.com.dedc, LLC_

_____

    Defendant(s)

## Superior Court of New Jersey

Mercer _____ County

LAW _____ Division

Docket No: _____

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: _05/11/2018_

Name of Defendant to Be Served: _Amazon.com.dedc, LLC_

Address of Defendant to Be Served: _50 New Canon Way, Robbinsville, NJ 08691_

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
SWARTZ SWIDLER, LLC
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: 856-685-7420
Fax: 856-685-7417
Email: mmiller@swartz-legal.com

| | |
|---|---|
| DIANE VACCARO, *on behalf of herself and those similarly situated*,<br>4 Bradford Avenue, Apt. 6<br>Trenton, NJ 08610<br><br>       Plaintiff,<br><br>    v.<br><br>AMAZON.COM.DEDC, LLC<br>50 New Canon Way<br>Robbinsville, NJ 08691<br><br>       Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY<br><br>CLASS ACTION<br><br>No: MER-L-001037-18<br><br>FIRST AMENDED COMPLAINT AND<br>JURY TRIAL DEMAND |

## **FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Named Plaintiff Diane Vaccaro (hereinafter referred to as "Named Plaintiff"), on behalf

of herself and those similarly situated, by and through undersigned counsel, hereby complains as

follows against Defendant Amazon.com.dedc, LLC (hereinafter referred to as "Defendant").

## **INTRODUCTION**

1.     Named Plaintiff has initiated the instant action to redress Defendant's violations

of the New Jersey Wage and Hour Law ("NJWHL").  Named Plaintiff asserts that Defendant

failed to pay her and other similarly situated individuals at least one and one-half times their

regular rates for all hours worked over 40 hours in a workweek due to Defendant's policy of not

including time spent in security screenings and on meal breaks as hours worked.  As a result of

1

Defendant's unlawful actions, Named Plaintiff and those similarly situated have suffered damages.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Named Plaintiff is an adult individual with an address as set forth above.

4.      Defendant is a company operating in New Jersey.

5.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

6.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.      Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure and/or N.J.S.A 34:11-56a25, Named Plaintiff brings her claims for relief to redress Defendant's violations of the New Jersey Wage and Hour Law on behalf of herself and those similarly situated.

8.      Specifically, Named Plaintiff seeks to represent a class of all persons presently and formerly employed by Defendant as warehouse workers who worked in New Jersey and were subject to the wage and hour policies of Defendant, as discussed *infra,* at any point during the time period from two (2) years preceding the date the instant action was initiated through the present (hereinafter members of this putative class are referred to as "Class Plaintiffs").

9.      Named Plaintiff is similarly situated to Class Plaintiffs in that she, like Class Plaintiffs, was/is an hourly employee of Defendant and was subjected to the wage and hour policies discussed *infra*.

10.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive

2

control of Defendant; however, on information and belief, the number of potential class members is over 100 individuals.

11.    Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, worked for Defendant in New Jersey within the last two (2) years and was subject to the same wage and hour policies described herein.

12.    Named Plaintiff will fairly and adequately protect the interests of the Class Plaintiffs, because Named Plaintiff's interests are coincident with and not antagonistic to those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

13.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

14.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

15.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant's failure to pay

3

Named Plaintiff and Class Plaintiffs overtime wages for the time spent in mandatory security screenings at the beginning and end of their shifts violated the NJWHL, 2) whether Named Plaintiff and Class Plaintiffs were free to engage in their own pursuits during unpaid meal breaks, and 3) whether Defendant's failure to pay Named Plaintiff and Class Plaintiffs overtime wages for the time spent on meal breaks violated the NJWHL.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein as if set forth in full.

17. Beginning on or around June 19, 2017, Named Plaintiff gained employment with Defendant as a warehouse worker.

18. Named Plaintiff earns $13.50 per hour.

19. Named Plaintiff regularly works at least 40 hours in a workweek according to Defendant's determination of her hours worked (i.e. excluding the unpaid hours worked at-issue).

20. Defendant classified Named Plaintiff as a non-exempt employee under the NJWHL.

21. Named Plaintiff did not have the authority to hire and/or fire, make recommendations as to the change of employment status of other employees, nor direct the work of any other employees.

22. Named Plaintiff further did not perform primary duties related to the performance of office or non-manual work directly related to the management or general business operations of Defendant nor did Named Plaintiff have discretion and independent judgment with respect to matters of significance in the exercise of her primary duties.

23. Accordingly, Named Plaintiff is a non-exempt employee under the NJWHL.

4

24. Class Plaintiffs worked/work for Defendant as warehouse workers.

25. Class Plaintiffs earned/earn an hourly wage.

26. Class Plaintiffs regularly worked/work at least 40 hours in a workweek according to Defendant's determination of their hours worked (i.e. excluding the unpaid hours worked at-issue).

27. Defendant classified/classify Class Plaintiffs as non-exempt employees under NJWHL.

28. Defendant did/does not consider Class Plaintiffs as "supervisors" as Class Plaintiffs did not have the authority to hire and/or fire, make recommendations as to the change of employment status of other employees, nor direct the work of any other employees.

29. Class Plaintiffs further did/do not perform primary duties related to the performance of office or non-manual work directly related to the management or general business operations of Defendant nor did/do Class Plaintiffs have discretion and independent judgment with respect to matters of significance in the exercise of their primary duties.

30. Accordingly, Class Plaintiffs were/are non-exempt employees under the NJWHL.

**Failure to Pay Overtime for Time Spent in Security Screenings**

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. At the end of each workday, Defendant required/requires Named Plaintiff and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to submit to a security screening.

33. Specifically, Plaintiffs must wait among hundreds of other warehouse employees to pass through security after clocking out at the end of each shift.

34.     The security screening includes but is not limited to walking through a metal detector and placing personal items on a conveyer belt to be scanned via x-ray.

35.     If Defendant determines that Plaintiffs require additional scrutiny, Plaintiffs must submit to a mandatory "secondary screening," which involves reporting to the secondary screening area so that a security guard can search them.

36.     As Plaintiffs went/go through the security screenings off-the-clock, Defendant did/does not compensate Plaintiffs for the time it took/takes Plaintiffs to go through the security screening.

37.     As Plaintiffs regularly worked/work at least 40 hours each workweek, excluding the time spent in security screenings, Defendant's failure to pay them for the additional time spent in the screenings resulted in Defendant paying Plaintiffs less than at least one and one-half times their regular rate for all hours worked over 40 hours in a workweek.

### Failure to Pay Overtime for Time Spent on Meal Breaks

38.     The foregoing paragraphs are incorporated herein as if set forth in full.

39.     Defendant required/requires Plaintiffs to take a 30-minute unpaid meal break each workday.

40.     Defendant required/requires Plaintiffs to clock out at the beginning of their meal breaks and clock in at the end of their meal breaks.

41.     To leave Defendant's premises during a meal break, Defendant required/requires Plaintiffs to go through the same security screening process as they do at the end of their shifts.

42.     Due to the mandatory security screenings, the vastness of Defendant's parking lots, and the remoteness of Defendant's facilities, Plaintiffs were/are unable to leave their places of work and engage in their own pursuits during meal breaks.

6

43.     Accordingly, the time Plaintiffs spent/spend on meal breaks is compensable work time under the NJWHL.

44.     As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT I
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Named Plaintiff and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent in Security Screenings)**

45.     The foregoing paragraphs are incorporated herein as if set forth in full.

46.     At all times relevant herein, Defendant stand/stood in an Employer/Employee relationship with Named Plaintiff and Class Plaintiffs under the NJWHL.

47.     At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

48.     Pursuant to the NJWHL, all the time an employee is required to be at his or her place of work shall be counted as hours worked.

49.     Defendant violated the NJWHL by failing to include the time Named Plaintiff and Class Plaintiffs spent/spend in security screenings as hours worked for the purpose of paying overtime wages.

50.     As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Named Plaintiff and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent on Meal Breaks)**

51.     The foregoing paragraphs are incorporated herein as if set forth in full.

52.     Defendant violated the NJWHL by failing to include the time the time Named Plaintiff and Class Plaintiffs spent/spend on meal breaks as hours worked for the purpose of paying overtime wages.

53.     As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of the New Jersey Wage and Hour Law;

(2)     Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3)     Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(4)     Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

<div style="margin-left:40%">

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

</div>

Date: June 4, 2018

8

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

By way of example, but not limitation, Defendant is directed to preserve all video showing Named Plaintiff and/or Class Plaintiffs clocking out and passing through security screenings.

9

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.

## DESIGNATION OF TRIAL COUNSEL

Matthew D. Miller, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.

10

| | |
|---|---|
| DIANE VACCARO, *et al* | SUPERIOR COURT OF NEW JERSEY |
|         Plaintiffs, | MERCER COUNTY |
|     v. | CLASS ACTION |
| AMAZON.COM.DEDC, LLC | No: MER-L-001037-18 |
|         Defendant. | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Named Plaintiff Diane Vaccaro (hereinafter "Named Plaintiff"), by and through their undersigned counsel, hereby demands that Defendant Amazon.com.dedc, LLC (hereinafter "Defendant") answer the following Interrogatories within the time period prescribed by the rules of procedure applicable in this action.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date:  June 12, 2018

1

## INSTRUCTIONS

In responding to these Interrogatories, the following instructions shall apply:

1.      Each Interrogatory must be answered separately, fully, in writing, and under oath.

2.      These Interrogatories are deemed to be continuing, requiring Defendant to provide verified supplemental answers setting forth any additional information within the scope of these interrogatories as may be acquired by Defendant, its agents and attorneys.   Such supplemental responses shall be served upon the undersigned counsel for Plaintiff within thirty (30) days after receipt of such information, but in no event later than the discovery cut-off date.

3.      In lieu of identifying particular documents or communications, such documents or communications may, at your option, be attached to your answer to those Interrogatories requesting identification of those documents or communications.

4.      A response should be made individually to each Interrogatory.

5.      The full text of the Interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

6.      Use of the singular tense shall be deemed to include the plural and vice versa, and use of the masculine pronoun shall be deemed to include both genders.

7.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

2

8.     If any Interrogatory is not fully answered because of a claim of privilege, state the privilege asserted and the facts allegedly giving rise to the claim of privilege.

9.     If Defendant cannot answer any of these Interrogatories after conducting a reasonable investigation, Defendant should so state and answer to the extent it can, stating what information Defendant cannot provide and stating what efforts Defendant made to obtain the unknown information.

## DEFINITIONS

The following definitions shall apply to these Requests for Information:

A.     **"Defendant," "you,"** or **"your,"** shall mean the defendant entity(ies) named in the caption of this action, and its predecessors, successors, and assigns, and its/their parent organizations, subsidiaries, and affiliates, and its/their servants, agents, employees, representatives, divisions, managers, accountants, and attorneys, and anyone else acting on its/their behalf, as well as any individuals named as a defendant in the caption of this action.

B.     **"Communicate(d)"** or **"Communication"** means any act or instance of transferring, transmitting, passing, delivering or giving information, in the form of facts, ideas, inquiries, or otherwise, by oral, written, electronic, or any other means.

C.     **"Concerning"** means relating to, referring to, reflecting, describing, evidencing, or constituting.

D.     **"Document"** shall include writings of any type, all other data compilations from which information can be obtained, and any other means of preserving thoughts or expression, however produced or reproduced. Designated documents shall

3

mean originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the custody or control of the Defendant, or in the custody or control of Defendant's agents, representatives, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations.  Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of various specific items as included within the definition of the word "document" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

E.   **"Identify"** shall mean:

    a.   when referring to a natural person, to give:

        i.   the person's name;

        ii.   the present or last known home address;

        iii.   the present or last known home telephone number;

        iv.   the present or last known place of employment or job title;

        v.   the present or last known business address; and

        vi.   the present or last known business telephone number.

    b.   when referring to any person other than a natural person, to give:

        i.   the full name;

        ii.   the present or last known address; and

        iii.   the principal place of business of the corporation, partnership, proprietorship, association, or other organization being identified.

    c.   when referring to documents, to give:

      i.     the type of document;

      ii.    the general subject matter;

      iii.   the date of the document; and

      iv.   the author(s), addressee(s) and recipient(s).

G.    **"Person"** or **"persons"** shall mean individuals, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards or agencies, all other legal entities, and if appropriate or indicated, divisions, subsidiaries or departments of corporations, or other entities, and their principals, agents, representatives, officers, or employees.

H.    **"Named Plaintiff"** shall mean Diane Vaccaro.

I.    **"Relevant Time Period"** shall mean the period of time from May 11, 2016 through the present.

J.    **"Security Screening(s)"** shall mean the procedures that Defendant required its employees to submit before they left Defendant's premises at the end of a shift or during a meal break in order to discover and/or deter employee theft of Defendant's property and to reduce inventory "shrinkage," including but not limited to passing through a metal detector or submitting to a search of his/her person.

l.    **"Facility(ies)"** shall mean the buildings at which Defendant employed/employs Named Plaintiff and other individuals whom Defendant paid/pays on an hourly basis and required/requires to submit to Security Screenings in New Jersey during the Relevant Time Period, including but not limited to the buildings located at 1) 50 New Canton Way, Robbinsville, 2) 8003 Industrial Avenue, Carteret, 3) 275 Omar Avenue, Avenel, 4) 380 Middlesex Avenue, Carteret, and 5) 2170 NJ-27 Edison.

5

J.      **"Associate(s)"** shall mean all individuals who were/are employed by Defendant as employees at Defendant's, Facilities during the Relevant Time Period, whom Defendant paid on an hourly basis and required to submit to Security Screenings.

## INTERROGATORIES

1.     Identify each and every person who is/was responsible for enforcing/implementing Defendant's policies relating to work time-tracking, the determination of compensable hours, Security Screenings, and meal breaks at Defendant's Facilities that were/are in effect during the Relevant Time Period. For each person, identify (1) his or her job title; and (2) his or her role in enforcing or implementing such policies.

2.     Identify each position in which Defendant has employed Associates at its Facilities during the Relevant Time Period and describe the duties of each position.

3.     For each Associate and Named Plaintiff, identify:

   (a) their employee ID number;

   (b) their name;

   (c) their last known address;

   (d) the address of the Facility(ies) where they worked during the Relevant Time Period;

(e) their dates of employment;

(f) the job titles held by them during the Relevant Time Period;

(g) the dates of each workweek worked by them during the Relevant
Time Period;

(h) the times at which they clocked-in and clocked-out during each
workday during the Relevant Time Period;

(i) their compensation for each hour worked during the Relevant Time
Period.

4.      For the past four years, identify the location and placement of any notices
or posters advising Named Plaintiff and Associates of their rights under the New Jersey
Wage and Hour Law ("NJWHL") or applicable state wage and hour laws, and the
approximate dates such notices or posters have been in that location.

5.     For all of the positions identified in interrogatory No. 3, identify the employee's duties with respect to such positions beginning from the employee's arrival to Defendant's premises to the employee's departure from Defendant's premises until his or her departure from Defendant's premises.

6.     Identify and describe each and every action that Defendant required/requires Named Plaintiff and Associates to complete after they clock out and before they leave Defendant's premises.  This request seeks Defendant to identify every action that Named Plaintiff and Associates were/are required to complete – even if Defendant contends such actions are *de minimus* or non-compensable as a matter of law – after they clock out and before they leave Defendant's premises.  By way of example, if Defendant required/requires Named Plaintiff and Associates to pass through a metal detector, submit to secondary security screening, such actions should be identified and described here.  For each action, identify whether and how Defendant tracks the amount of time it takes to complete each action , or, if Defendant does not track such time, explicitly state same.

9

7.     For each Facility, identify the location of each time clock that were/are used by Associates to clock-out at the end of a shift or at the beginning of a meal break. For each time clock identified, identify the walking distance from the time clock to the nearest exit of Defendant's Facility that may be used by an Associate.

8.     For each Facility, identify the locations at which Associates pass through Security Screenings . For each Security Screening area identified, identify the walking distance from the Security Screening location to the nearest exit of the Facility that may be used by an Associate.

9.     Identify and describe any and all systems, methods, and/or procedures used by Defendant to track the hours worked by Named Plaintiff and Associates during the Relevant Time Period.

10.     Identify each and every policy, procedure, and/or practice that Defendant implemented, maintained, and/or enforced during the Relevant Time Period related to the Security Screenings.

11.     Identify each and every item that Defendant prohibited/prohibits Named Plaintiff and Associates from having on their person while they worked/work, including but not limited to mobile phones. For each item, identify whether and where Defendant provided a place in which Named Plaintiff and Associates could/can store the item and under what circumstances they may access the item during a meal break.

11

12.    Identify each and every person who answered or assisted in answering these Interrogatories (excluding counsel).

13.    Identify each and every document referenced in the answering of these Interrogatories.

| | |
|---|---|
| DIANE VACCARO, *et al*<br><br>               Plaintiffs,<br>   v.<br><br>AMAZON.COM.DEDC, LLC<br><br>              Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY<br><br>CLASS ACTION<br><br>No: MER-L-001037 |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT

Named Plaintiff Diane Vaccaro (hereinafter "Named Plaintiff"), by and through undersigned counsel, hereby demands that Defendant Amazon.com.dedc, LLC (hereinafter "Defendant") respond to the following requests for production of documents within the time period prescribed by the rules of procedure applicable in this action.

                                     Respectfully Submitted,

                                     */s/ Matthew D. Miller*
                                     Matthew D. Miller, Esq.
                                     **SWARTZ SWIDLER, LLC**
                                     1101 Kings Highway N., Suite 402
                                     Cherry Hill, NJ 08034
                                     Phone: (856) 685-7420
                                     Fax: (856) 685-7417

Date:   June 12, 2018

1

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1.    "Defendant," "you," or "your" shall mean the defendant entity(ies) named in the caption of this action, and its/their predecessors, successors, and assigns, and its/their parent organizations, subsidiaries, and affiliates, and its/their servants, agents, employees, representatives, divisions, managers, accountants, and attorneys, and anyone else acting on its/their behalf, as well as any individual named as a defendant in the caption of this action.

2.    "Named Plaintiff" shall mean Diane Vaccaro.

3.    "Relevant Time Period" shall mean the period of time from May 11, 2016 through the present.

4.    "Security Screening(s)" shall mean the procedures that Defendant required its employees to submit before they left Defendant's premises at the end of a shift or during a meal break in order to discover and/or deter employee theft of Defendant's property and to reduce inventory "shrinkage," including but not limited to passing through a metal detector or submitting to a search of his/her person.

5.    "Facility(ies)" shall mean the buildings at which Defendant employed/employs Named Plaintiff and other individuals whom Defendant paid/pays on an hourly basis and required/requires to submit to Security Screenings in New Jersey during the Relevant Time Period, including but not limited to the buildings located at 1) 50 New Canton Way, Robbinsville, 2) 8003 Industrial Avenue, Carteret, 3) 275 Omar Avenue, Avenel, 4) 380 Middlesex Avenue, Carteret, and 5) 2170 NJ-27 Edison.

6.     "Associate(s)" shall mean all individuals who were/are employed by Defendant as employees at Defendant's, Facilities during the Relevant Time Period, whom Defendant paid on an hourly basis and required to submit to Security Screenings.

7.     The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

8.     The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of any written, typewritten, printed, or recorded material whatsoever, whether maintained on paper hard copies or on an electronic or other storage medium. The term includes, but is not limited to, files, records, reports, logs, notes, journals, memoranda, letters, facsimiles (including cover sheets and transmission confirmation sheets therefore), diaries, calendars, articles, telegrams, or other correspondence, voice mail (whether transcribed or not), electronic mail (whether printed out or not, and including electronic mail stored or maintained off Defendant's premises, such as with an internet service or e-mail provider), worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, lists, information retrievable from computers or media designed for use thereon, pictures, drawings, diagrams, schematics, maps, photographs (whether stored digitally or on hard copies) or other graphic representations, and any other physical means of communication, including audio or video tape recordings, Digital Audio Tape recordings, digital recordings, recordings preserved on recordable compact disc and magnetic tape, computer discs, or computer tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing. It also includes any

3

copies of originals, or duplicate documents, with notes, markings, or interlineations varying to any degree whatsoever from other existing copies. Such documents are deemed to be separate documents and are to be produced along with non-interlineated copies. In the case of all recordings or information not stored in hard copy form, the originals shall be maintained for review in all cases.

9.      The term "Complaint," as used herein, shall mean the Complaint for Damages on file in this action or any Amended Complaint.

10.     The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of any named Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation, and other similar records. For purposes of this request, the term "personnel record" need not include designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to the records of the Plaintiffs (in which case such records are to be included).

11.     Please date-stamp all documents produced.

12.     If any document is withheld under a claim of privilege or other protection, please produce a privilege log and provide all the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

        (a)     the identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued;

4

(b)     the identity of the person(s) to whom the document was directed;

(c)     the nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document;

(d)     the date of the document;

(e)     the identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof;

(f)     the identity of each person to whom a copy of the document was furnished;

(g)     the number of pages of the document;

(h)     the basis on which any privilege or other protection is claimed; and

(i)     whether any non-privileged or non-protected matter is included in the document.

13.     In the event any additional discoverable documents or other relevant materials come to Defendant's attention after the date on which it answers the instant request, Defendant is reminded of their duty to supplement its response to this request if it learns that in some material respect its response or the information disclosed therein is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

5

## DOCUMENTS TO BE PRODUCED

1.     Please produce any and all payroll documents that support, evidence, relate to, discuss, memorialize, or otherwise reflect upon the number of hours Named Plaintiff and Associates worked each week, the pay rate(s) received for each hour worked, any and all bonuses and other remuneration paid to Plaintiffs each week during the Relevant Time Period.

2.     Please produce any and all payroll documents that support, evidence, relate to, discuss, memorialize, or otherwise reflect upon the exact number of hours and minutes Named Plaintiff and Associates were clocked in each day worked during the Relevant Time Period.

3.     Please produce any and all payroll documents that support, evidence, relate to, discuss, memorialize, or otherwise reflect upon the number of hours Named Plaintiff and Associates worked each week, the pay rate(s) received for each hour worked, any other remuneration paid to such employees each week during the Relevant Time Period.

4.     Please produce any and all documents (electronic, written, or otherwise), that support, evidence, relate to, discuss, memorialize, or otherwise reflect upon the method in which Defendant tracked Named Plaintiff's and Associates' hours, including but not limited to timesheets, clock-in and/or clock-out forms, audits or investigations (internal or by third parties) and/or computer log-in forms.

5.     Please produce all documents that relate or concern in any way, any of the claims or defenses in the instant action; including but not limited to the following:

       a.     Written statements or affidavits of witnesses;

       b.     Notes of interviews with witnesses;

       c.     Tape recordings of any and all oral statements and/or interviews of witnesses;

       d.     Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;

       e.     Reports regarding the results of any and all investigations;

       f.     Correspondence received from or sent to Named Plaintiff and/or Associates;

       g.     Correspondence received from or sent to Defendant;

6

        h.      Correspondence received from or sent to any person other than Defendant's counsel;

        i.       Surveillance of Named Plaintiff and/or Associates by any private investigator or other person;

        j.       Background checks conducted as to Named Plaintiff and Associates by any private investigator or other person;

        k.     Documents relating to or evidencing discussions between Plaintiff and Defendant;

        l.       Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel;

        m.    Documents received from or sent to any person other than Defendant's counsel.

6.     Please produce blueprints, maps, drawings, illustrations, and other documents, which illustrate the layout of each Facility.

7.     Please produce any and all correspondence (including but not limited to e-mails, memoranda, letters, hand-written notes) sent to Named Plaintiff and/or Associates by Defendant (or by any employee or agent of Defendant), or sent to Defendant (or to any employee or agent of Defendant) by Named Plaintiff and/or Associates, either during the tenure of Named Plaintiff's and/or Associates' employment with Defendant or thereafter regarding Named Plaintiff's and/or Associates' hours worked or hours spent clocked in, pay practices or policies of Defendant (including policies relating to the clocking in and out and meal breaks), and/or policies and practices relating to Security Screenings

8.     Any and all documents describing the work duties of Named Plaintiff and Associates, including descriptions of expected job duties, any and all training materials setting forth the job duties of all non-exempt, hourly positions, security requirements, and security policies.

9.     Please produce any and all documents (electronic, written, or otherwise), that support, evidence, relate to, discuss, memorialize, or otherwise reflect any and all documents describing Defendant's policies and practices regarding Security Screenings at each of its Facilities.

10.    Please produce any and all documents (electronic, written, or otherwise), that support, evidence, relate to, discuss, memorialize, or otherwise reflect Defendant's policies and practices related to meal breaks.

11.    Any and all documents, including but not limited to security logs and surveillance footage, reflecting the times Named Plaintiff and Associates entered and exited Defendant's Facilties during the Relevant Time Period.

12.     Any and all documents that support, evidence, relate to, discuss, memorialize, or otherwise reflect Defendant's policies relating to the entering and exiting Defendant's Facilities by Named Plaintiff and Associates during the Relevant Time Period.

13.     Any and all recorded materials, videos, or pictures, reflecting Named Plaintiff and/or Associates passing through Security Screenings, including time stamps during the Relevant Time Period.

14.     As to any expert Defendant plans to utilize as a witness at time of trial, please produce a written report prepared and signed by the witness and containing:

a.     a complete statement of all opinions to be expressed;

b.     the bases and reasons for all such opinions;

c.     the data or other information considered by the witness;

d.     any exhibits to be used as a summary of or support for the opinions;

e.     the qualifications of the witness;

f.     a list of all publications authored by the witness within the preceding ten (10) years;

g.     the compensation to be paid for the study and testimony; and

h.     a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years.

15.     Please produce any and all letters, memoranda, and other written communications between Defendant (or counsel for Defendant) and any expert witness who will be called at time of trial.

16.     Please produce any and all drafts, notes, memoranda, calculations, studies, tests, and other work papers of whatever kind or description generated or utilized by any expert or witness who is expected to be called as a witness at time of trial.

17.     A complete and current *curriculum vitae* for any expert witness Defendant plans to utilize at time of trial.

18.     Please produce any and all documents concerning, or relating or referring to, any lawsuits or administrative actions that have been filed *by anyone* in the past two (2) years that allege that Defendant violated the New Jersey Wage and Hour Law or other applicable wage and hour laws due to its Security Screenings policies and/or practices.

8

19.     Please produce any and all documents concerning, or relating or referring to, any lawsuits or administrative actions that have been filed *by anyone* in the past two (2) years that allege that Defendant violated the New Jersey Wage and Hour Law or other applicable wage and hour laws due to its Security Screenings polices and/or practices.

20.     Please produce any and all documents that were referenced in Defendant's answers to Named Plaintiff's interrogatories, or that were reviewed by Defendant in connection with Defendant answering Named Plaintiff's interrogatories.

21.     Please produce any and all documents that support or otherwise relate to the denials set forth in Defendant's Answer in this action.

22.     Please produce any and all documents that support or otherwise relate to Defendant's Affirmative Defenses in this action.

23.     Please produce true and correct copies of each document or other tangible thing Defendant intends to introduce as an exhibit at time of trial.

24.     Please produce any documents that Defendant believes may be relevant to the instant action but not covered by any of the previous requests.