*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DIANE VACCARO, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AMAZON.COM.DEDC, LLC,<br><br>Defendant. | Civil Action No.: 18-11852(FLW)<br><br>**OPINION** |

**WOLFSON, United States District Judge**:

Under the Fair Labor Standards Act ("FLSA"), the United States Supreme Court, in *Integrity Staffing Solutions, Inc. v. Busk*, 145 S. Ct. 513 (2014), held that Amazon warehouse employees' time spent waiting to undergo post-shift security screenings is not compensable as overtime wages. In this putative class action, Plaintiff Diane Vaccaro ("Plaintiff" or "Vaccaro") sued Defendant Amazon.com.dedc, LLC ("Defendant" or "Amazon"), alleging that Amazon's refusal to pay wages for employees' time spent waiting to be screened at a security check point, after their work shift concluded, violates New Jersey Wage and Hour Law ("NJWHL"). Because *Integrity Staffing* only dealt with Federal law, Plaintiff argues that the plain statutory language of the NJWHL, together with state cases interpreting the statute, compel a different result. The substantive issue presented in this matter turns on whether the NJWHL should be

1

interpreted in the same manner as the FLSA, such that the Supreme Court's ruling in *Integrity Staffing* is dispositive of Plaintiff's wage claims.

Presently before me, there are two separate motions: 1) Plaintiff's motion for remand, and 2) Defendant's motion for judgment on the pleadings. For the reasons set forth below, I find that Defendant properly removed this matter pursuant to the Class Action Fairness Act ("CAFA"), and therefore, Plaintiff's motion for remand is **DENIED**. Further, Defendant's motion for judgement on the pleadings is administratively terminated.

## BACKGROUND and PROCEDURAL HISTORY

The facts of this case are straightforward. I recount them from the Amended Complaint and Defendant's Answer on this motion.[1] In June 2017, Vaccaro was hired by Amazon as a warehouse worker at Amazon's fulfillment center in Robbinsville, New Jersey. Am. Compl., ¶ 17. She was paid hourly at the rate of $13.50 per hour, and designated as a non-exempt employee under New Jersey state law. *Id.* at ¶ 18. Vaccaro submits that she "regularly works at least 40 hours in a workweek according to Defendant's determination of her hours worked." *Id.* at ¶ 19.

---

[1] While Plaintiff argues that the Court cannot consider anything outside of her Complaint, on a Rule 12(c) motion, however, the factual allegations in the Answer are also taken as true to the extent they have not been denied or do not conflict with the Complaint. *See A.P. v. Allegro Sch., Inc.*, No. 17-281, 2017 U.S. Dist. LEXIS 164371, at *5 n.2 (D.N.J. Sep. 29, 2017)("Generally, the Court in considering a Rule 12(c) motion is confined to the allegations of the complaint and answer . . . ."); *Rivers v. Credit Suisse Bos. Fin. Corp.*, No. 05-6011, 2007 U.S. Dist. LEXIS 23621 (D.N.J. Mar. 30, 2007); *Ullman v. Express Scripts, Inc.*, No. 06-3065, 2007 U.S. Dist. LEXIS 42887 (D.N.J. June 13, 2007).

Vaccaro states that at the end of each workday, Amazon requires employees to submit to a security screening. *Id.* at ¶ 32. According to Vaccaro, employees must wait among hundreds of other warehouse employees to pass through security after clocking out at the end of each shift. *Id.* at ¶ 33. The screening consists of waking through a metal detector and placing personal items on a conveyer belt to be scanned via x-ray. *Id.* at ¶ 34. In the event Amazon determines that certain employees require additional screening, these employees must submit to a mandatory "secondary screening," which "involves reporting to the secondary screening area so that a security guard can search them." *Id.* at ¶ 35. Vaccarro complains that the employees' time spent waiting to be screened when off-the-clock was not compensated by Amazon, and in that regard, Vaccaro avers that "Defendant's failure to pay them for the additional time spent in screenings resulted in Defendant paying [employees] less than at least one and one-half times their regular rate for all hours worked over 40 hours in a workweek." *Id.* at ¶ 37.

Moreover, Vaccaro alleges that Amazon requires employees to take a 30-minute unpaid meal break each workday. *Id.* at ¶ 39. In that regard, employees are expected to clock out at the beginning of their meal breaks, and clock in at the end of the breaks. *Id.* at ¶ 40. Similar to the end of a shift, Vaccaro avers that before leaving Amazon's premises during a meal break, the employer requires employees "to go through the same security screening process," and "[d]ue to the mandatory security screenings and the vastness of Defendant's parking lots, and the remoteness of Defendant's facilities, [employees were]

3

unable to leave their places of work and engage in their own pursuits during meal breaks." *Id.* at ¶¶ 41-42. Under these facts, Vaccaro maintains that the NJWHL requires Amazon to compensate employee's break as work time. *Id.* at ¶ 43.

Initially, Plaintiff brought the class action complaint against Amazon in state court, asserting two separate causes of action under the NJWHL; Count I claims that Amazon failed to pay overtime wages for time spent in security screenings, and Count II seeks overtime wages for time spent on meal breaks. *Id.* at ¶¶ 44-50, 52-53. Defendant timely removed the matter to this Court, basing jurisdiction on the Class Action Fairness Act ("CAFA"). Subsequently, Plaintiff filed her motion to remand, arguing that Defendant has failed to establish CAFA's amount in controversy requirement of $5 million. While Defendant opposes the motion, it also moves for judgment on the pleadings.

I note that the Western District of Kentucky, since 2014, has been assigned a Multi-District Litigation, *In re Amazon.com, Inc., Fullfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation* ("Amazon MDL"), Civ. Action No. 14-2504, dealing with the exact claims and issues brought by Plaintiff in this case, albeit under different states' wage and hour laws than New Jersey state law. Because of certain recent developments within the Amazon MDL and the Sixth Circuit, I am providing Defendant with an opportunity to determine whether a petition to transfer this matter to the Amazon MDL is appropriate. As such, Defendant's motion for judgment on the pleadings is temporarily terminated. Should Defendant elect not to petition for transfer, its

4

motion for judgment on the pleadings shall be re-listed for adjudication. In the interim, I will decide the motion to remand.

## DISCUSSION

### I. Motion to Remand

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court." The defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). After a case has been removed, the district court, however, may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

Federal district courts have original jurisdiction on the basis of diversity of citizenship where (1) the matter in controversy exceeds the sum or value of $75,000, and (2) there is diversity of citizenship between each plaintiff and each defendant in the case. *See, e.g.*, *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3rd Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). Alternatively, pursuant to CAFA, federal district courts have original jurisdiction over class actions where (1) the matter in controversy (i.e., the aggregated claims of the individual class members) exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) any member of a class of plaintiffs is a citizen of a state different from

any defendant, and (3) the class has at least 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6); *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1348 (2013); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 (3d Cir. 2015). "A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'" *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3rd Cir. 2007)); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3rd Cir. 2006), *cert. denied,* 552 U.S. 940 (2007). Any doubts must be resolved in favor of remand. *Samuel-Bassett*, 357 F.3d at 403.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Thus, the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 U.S. Dist. LEXIS 97408, at *8-9 (D.N.J. July 27, 2015) (citing *Dart Cherokee*, 135 S. Ct. at 553). No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court. *See Dart Cherokee*, 135 S. Ct. at 553. When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *See id.* at 554.

To "determine whether the matter in controversy" exceeds the $5,000,000 jurisdictional threshold courts must aggregate "the claims of individual class members." 28 U.S.C. § 1332(d)(6). In other words, CAFA instructs "the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013). This calculation involves examining both "the dollar figure offered by the plaintiff" and plaintiff's "actual legal claims" to decide whether "the amount in controversy exceeds the statutory threshold," *see Morgan*, 471 F.3d at 474-75, as well as considering the parties' proofs, when appropriate, and adjudicate "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 135 S. Ct. at 554.

With regard to the amount-in-controversy, an award of attorneys' fees must be included as part of that determination where such an award is provided for by statute. *See, e.g., Alegre v. Atl. Cent. Logistics*, No. 15-2342, 2015 U.S. Dist. LEXIS 100214, at *16 (D.N.J. July 31, 2015) ("Plaintiff seeks reasonable attorneys' fees as part of the class recovery, and the assessment of the amount in controversy must account for that relief.") (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *Goldberg v. Healthport Techs., LLC*, No. 14-2810, 2014 U.S. Dist. LEXIS 104676, at *7-8 (D.N.J. July 30, 2014) (citing *Frederico*, 507 F.3d at 199). Importantly, the NJWHL permits recovery for reasonable attorney's fees. *See Thompson v. Real Estate Mortg. Network, Inc.*, 106 F.Supp.3d

486, 489-92 (D.N.J. 2015); N.J.S.A. 34:11-56a25 (a provision of the NJWHL stating that an employee may recover unpaid wages, costs, and attorneys' fees in a civil action brought against an employer).

Here, Plaintiff argues that Defendant has not met its burden of establishing the amount in controversy under CAFA. In the Amended Complaint, Plaintiff seeks to assert claims on behalf of a putative class comprised of "all persons presently and formerly employed by Defendant as warehouse workers who worked in New Jersey and were subject to the wage and hour policies of Defendant . . . at any point during the time period from two (2) years preceding the date of the instant action was initiated through the present." Am. Compl., ¶ 8. In that regard, there is no dispute that the putative class has more than 100 members. *See id.* at ¶ 10. According to Defendant in its Notice of Removal, the putative class contains in excess of 10,000 non-exempt, hourly-paid employees who worked for Amazon at a New Jersey warehouse facility. *See* Notice of Removal, ¶ 23. In fact, according to Amazon, it "employed 65,834 individuals as [warehouse] associates within the State of New Jersey during the [putative class period]." *See* Nickerson[2] Decl., ¶ 4.[3] Importantly, Plaintiff does

---

[2] Mr. Nickerson is an economist and the principal of Nickerson & Associates, LLC, a Seattle-based consulting firm specializing in economic and statistical analysis, including analyses concerning wage and hour cases. In that regard, for this particular case, Mr. Nickerson examined Amazon's employee payroll data for the relevant period. I note that Plaintiff has not submitted any evidence to challenge Amazon's evidentiary support in connection with the amount in controversy requirements.

[3] In connection with its opposition, Defendant submits certifications from its expert and personnel, who provided certain numeric evidence concerning the amount in controversy. Plaintiff argues that this Court should disregard such

8

not dispute this figure, which represents the potential number of class members.[4] As such, with 65,834 potential members, to meet the amount in controversy, each member's claim must amount to approximately $75.95. Even based on the allegations set forth by Defendant in its Notice of Removal, the amount in controversy of $5 million is clearly met in this context. Plaintiff alleges in her Complaint that she makes $13.50 per hour. In addition, putting aside Plaintiff's claim regarding the security screening, in Count II of the Amended Complaint, Plaintiff seeks compensation for the unpaid 30-minute meal breaks during the relevant class period. *See* Am. Compl., ¶ 43 ("the time Plaintiffs spent/spend on meal breaks in compensable work time under the NJWHL"). In order to meet the $5 million threshold, assuming each member makes $13.50 (typical of Plaintiff's hourly wage),[5] each potential member would only need to seek compensation for 12 unpaid meal breaks during the class period of at least two years, in order fulfill the $75.95 claim requirement. There could be no

---

evidence, because Defendant's initial pleadings in its Notice of Removal are not plausible. I do not agree. As I have explained in this Opinion, the Court accepts Defendant's plausible allegations that the amount in controversy exceeds the jurisdictional threshold," unless they are contested by Plaintiff. *Dart Cherokee,* 135 S. Ct. at 553-54. In that regard, when Plaintiff, in her remand motion, contested the sufficiency of the jurisdictional allegations in Defendant's Notice of Removal, the parties must submit proofs for the Court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *See id.* at 554.

[4]     There is also no dispute that the minimum diversity requirement under CAFA has been met.

[5]     Indeed, according Mr. Nickerson, the weighted average regular hourly wage for the potential class members during the class period is $14.02 per hour. Nickerson Decl.,¶ 5.

serious argument that such a figure would not be met based on the substance of Plaintiff's claims. Having reviewed the record, by a preponderance of the evidence, I find that Defendant has clearly met its burden of establishing the amount in controversy.

Finally, I will comment on Plaintiff's remaining arguments on her remand motion. The crux of Plaintiff's argument centers on the plausibility of Defendant's Notice of Removal. According to Plaintiff, because Defendant makes various speculative assumptions regarding the amount in controversy, such as the number of overtime hours compensable by each potential class member and the hourly wage, Defendant's pleadings are not reasonable or plausible to meet the Supreme Court test. However, as I have repeatedly explained, because Defendant submitted proofs for this Court to consider in light of Plaintiff's challenges, I must consider the evidence *in addition to* Defendant's Notice of Removal.[6] Unless Plaintiff submits other evidence to dispute Defendant's proofs,

---

6     To be clear, in cases removed to federal court, "determining the amount in controversy begins with a reading of the complaint filed in state court." *Samuel-Bassett*, 357 F.3d at 398 (3d Cir. 2004). Because Plaintiff's Amended Complaint is silent on the specific amount of damages sought, to determine the amount in controversy, the Court may consider the Complaint, the Notice of Removal, **and** the parties' submissions related to Plaintiff's motion to remand. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2001) (stating that jurisdictional facts required to support removal may be found in later-filed affidavits); *Faltaous v. Johnson & Johnson,* No. 07-1572, 2007 U.S. Dist. LEXIS 99473, at *18 (D.N.J. Oct. 11, 2007); *Kasher Law Grp., LLC v. Ciox Health, LLC*, No. 18-1821, 2018 U.S. Dist. LEXIS 150497, at *7 (D.N.J. Sep. 5, 2018)("Plaintiff, however, has challenged Defendant's calculation of the amount in controversy, and the Court must now consider whether the preponderance of the evidence supports Defendant's assertion of jurisdiction."); *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005) ("Where there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal . . . . The Court first looks to the complaint, and then to the moving papers, and

there is no factual basis for me to find that Defendant's certifications or other documentary evidence are not credible. Thus, based on the uncontroverted figures included in Amazon's proffered certifications, I find that the amount in controversy has easily been met by Defendant.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is **DENIED**. Defendant's motion for judgment on the pleadings is administratively terminated. Should Defendant elect not to petition for transfer this matter to the Amazon MDL, its Rule 12(c) motion shall be re-listed as an active motion.

DATED: March 13, 2019

/s/ Freda L. Wolfson  
Freda L. Wolfson  
United States District Judge

---

then to anything else." (citing *United Food & Comm. Workers Union v. CenterMark Properties Meriden Square Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)).

11