**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIANE VACCARO, *individually and on behalf of all those similarly situated*, 4338 West Claremont Street Glendale, AZ 85301<br><br>and<br><br>JENNIFER CHIU, *individually and on behalf of all those similarly situated*, 601 N Blackhorse Pike, Apt. L9 Williamstown, NJ  08094<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM.DEDC, LLC<br><br>Defendant. | INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER NEW JERSEY WAGE AND HOUR LAW<br><br>No. 3:18-cv-11852-FLW-TJB<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Named Plaintiff Diane Vaccaro (hereinafter referred to as "Named Plaintiff Vaccaro") and Named Plaintiff Jennifer Chiu (hereinafter referred to as "Named Plaintiff Chiu") (collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendant Amazon.com.dedc, LLC (hereinafter referred to as "Defendant").

**INTRODUCTION**

1. Named Plaintiffs have initiated the instant action to redress Defendant's violations of the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiffs assert that Defendant failed to pay them and other similarly situated individuals at least one and one-half times their regular rates for all hours worked over 40 hours in a workweek due to Defendant's policy of not

1

including time spent in security screenings and COVID-19 screenings as hours worked. As a result of Defendant's unlawful actions, Named Plaintiffs and those similarly situated have suffered damages.

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Named Plaintiff Vaccaro is an adult individual who worked for Defendant in New Jersey.

4. Named Plaintiff Chiu is an adult individual who worked for Defendant in New Jersey.

5. Defendant is a company operating in New Jersey.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

7. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or N.J.S.A 34:11-56a25, Named Plaintiffs bring their claims for relief to redress Defendant's violations of the New Jersey Wage and Hour Law individually and on behalf of those similarly situated.

9. Specifically, Named Plaintiffs seek to represent a class of all persons presently and formerly employed by Defendant as warehouse and/or "fulfillment center" workers who worked in New Jersey and were subject to Defendant's post-shift security screening policies, as discussed *infra,* at any point during the time period from six (6) years preceding the date the instant action was initiated through the present (hereinafter members of this putative class are referred to as "Class Plaintiffs").

10. Named Plaintiff Chiu, in addition to asserting claims for violations of the NJWHL for unpaid post-shift security screenings, has initiated the instant action to redress Defendant's violations of the NJWHL due to Defendant's failure to provide any compensation for time spent undergoing COVID-19 screenings, as discussed *infra,* at any point during the time period from six (6) years preceding the date the instant action was initiated through the present (hereinafter members of this putative subclass are referred to as "COVID-19 Class Plaintiffs").

11. Named Plaintiffs are similarly situated to Class Plaintiffs and COVID-19 Class Plaintiffs in that they, like Class Plaintiffs and COVID-19 Class Plaintiffs, were/are hourly employees of Defendant and were subjected to the wage and hour policies discussed *infra*.

12. The class for each claim is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members for each claim is over 100 individuals.

13. Named Plaintiffs' claims are typical of the claims of the Class Plaintiffs and COVID-19 Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs and COVID-19 Class Plaintiffs, worked for Defendant in New Jersey within the last six (6) years preceding the date the instant action was filed and were subject to the same wage and hour policies described herein.

14. Named Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs and COVID-19 Class Plaintiffs, because Named Plaintiffs' interests are coincident with and not antagonistic to those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

15. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

17. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant's failure to pay Named Plaintiffs and Class Plaintiffs overtime wages for the time spent in mandatory security screenings at the beginning and end of their shifts violated the NJWHL and 2) whether Defendant's failure to pay Named Plaintiff Chiu and COVID-19 Class Plaintiffs overtime wages for the time spent in mandatory COVID-19 screenings at the beginning of their shifts violated the NJWHL.

**FACTUAL BACKGROUND**

18. The foregoing paragraphs are incorporated herein as if set forth in full.

19. From on or around June 19, 2017 to in or around March 2019, Named Plaintiff Vaccaro worked for Defendant as a warehouse worker.

20. Named Plaintiff Vaccaro earned $13.50 per hour.

21. From in or around the end of March or beginning of April 2020 to in or around the end of May 2020, Named Plaintiff Chiu worked for Defendant as a warehouse worker.

22. Named Plaintiff Chiu earned an hourly rate.

23. Named Plaintiffs regularly worked at least 40 hours in a workweek according to Defendant's determination of their hours worked (i.e. excluding the unpaid hours worked at-issue).

24. Defendant classified Named Plaintiffs as non-exempt employees under the NJWHL.

25. Named Plaintiffs did not have the authority to hire and/or fire, make recommendations as to the change of employment status of other employees, nor direct the work of any other employees.

26. Named Plaintiffs further did not perform primary duties related to the performance of office or non-manual work directly related to the management or general business operations of Defendant nor did Named Plaintiffs have discretion and independent judgment with respect to matters of significance in the exercise of their primary duties.

27. Accordingly, Named Plaintiffs were non-exempt employees under the NJWHL.

28. Class Plaintiffs and COVID-19 Class Plaintiffs worked/work for Defendant as warehouse workers.

29. Class Plaintiffs and COVID-19 Class Plaintiffs earned/earn an hourly wage.

30. Class Plaintiffs and COVID-19 Class Plaintiffs regularly worked/work at least 40 hours in a workweek according to Defendant's determination of their hours worked (i.e. excluding the unpaid hours worked at-issue).

31. Defendant classified/classify Class Plaintiffs and COVID-19 Class Plaintiffs as non-exempt employees under NJWHL.

32. Defendant did/does not consider Class Plaintiffs or COVID-19 Class Plaintiffs as "supervisors" as Class Plaintiffs and COVID-19 Class Plaintiffs did not have the authority to hire and/or fire, make recommendations as to the change of employment status of other employees, nor direct the work of any other employees.

33. Class Plaintiffs and COVID-19 Class Plaintiffs further did/do not perform primary duties related to the performance of office or non-manual work directly related to the management or general business operations of Defendant nor did/do Class Plaintiffs or COVID-19 Class Plaintiffs have discretion and independent judgment with respect to matters of significance in the exercise of their primary duties.

34. Accordingly, Class Plaintiffs and COVID-19 Class Plaintiffs were/are non-exempt employees under the NJWHL.

**Failure to Pay Overtime for Time Spent in Security Screenings**

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. At the end of each workday, Defendant required/requires Named Plaintiffs and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to submit to a security screening.

37. Specifically, Named Plaintiffs and Class Plaintiffs must wait among hundreds of other warehouse employees to pass through security after clocking out at the end of each shift.

38. The security screening includes but is not limited to walking through a metal detector and placing personal items on a conveyer belt to be scanned via x-ray.

39. If Defendant determines that Named Plaintiffs and/or Class Plaintiffs require additional scrutiny, they must submit to a mandatory "secondary screening," which involves reporting to the secondary screening area so that a security guard can search them.

40. As Named Plaintiffs and/or Class Plaintiffs went/go through the security screenings off-the-clock, Defendant did/does not compensate them for the time it took/takes to go through the security screening.

41. As Named Plaintiffs and Class Plaintiffs regularly worked/work at least 40 hours each workweek, excluding the time spent in security screenings, Defendant's failure to pay them for the additional time spent in the screenings resulted in Defendant paying Named Plaintiffs and Class Plaintiffs less than at least one and one-half times their regular rate for all hours worked over 40 hours in a workweek.

**Failure to Pay Overtime for Time Spent in COVID-19 Screenings**

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. In the spring of 2020, the COVID-19 virus began spreading throughout the United States.

44. The COVID-19 virus is highly infectious with an incubation period of between 2 and 14 days.

45. Defendant depends on the availability of hundreds of employees to operate each of its fulfillment centers (i.e. warehouses).

46. At each fulfillment center, Defendant's employees work in close contact with each other.

47. Accordingly, throughout the COVID-19 pandemic, Defendant has faced a high risk of one or more employees infected with COVID-19 at a fulfillment center spreading the virus to a substantial portion of the fulfillment center's employees

48. Beginning in or around March 2020, Defendant implemented measures to ensure it could continue operating its fulfillment centers during the COVID-19 pandemic, including screening employees.

49. Specifically, at the beginning of each shift, Defendant required/requires Named Plaintiff Chiu and COVID-19 Class Plaintiffs to submit to COVID-19 screenings on Defendant's premises prior to clocking in.

50. The COVID-19 screening includes but is not limited to taking Named Plaintiff Chiu's and COVID-19 Class Plaintiffs' temperature and asking them questions, including but not limited to whether they have been in contact with any person infected by COVID-19.

51. As Named Plaintiff Chiu and COVID-19 Class Plaintiffs went/go through the COVID-19 screenings off-the-clock, Defendant did/does not compensate them for the time it took/takes to go through the COVID-19 screening.

52. As Named Plaintiff Chiu and COVID-19 Class Plaintiffs regularly worked/work at least 40 hours each workweek, excluding the time spent in COVID-19 screenings, Defendant's failure to pay them for the additional time spent in the screenings resulted in Defendant paying them less than at least one and one-half times their regular rate for all hours worked over 40 hours in a workweek.

**COUNT I**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**(Named Plaintiffs and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent in Security Screenings)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendant stand/stood in an Employer/Employee relationship with Named Plaintiffs and Class Plaintiffs under the NJWHL.

55. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

56. Pursuant to the NJWHL, all the time an employee is required to be at his or her place of work shall be counted as hours worked.

57. Defendant violated the NJWHL by failing to include the time Named Plaintiffs and Class Plaintiffs spent/spend in security screenings as hours worked for the purpose of paying overtime wages.

58. Defendant's conduct in failing to pay Named Plaintiffs and Class Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

59. As a result of Defendant's conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT II[1]**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**(Named Plaintiffs and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent on Meal Breaks)**


**COUNT III**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**(Named Chiu and COVID-19 Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent in COVID-19 Screenings)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

---

[1] On June 29, 2020, the Court granted, in part, Defendant's Motion for Judgment on the Pleadings and dismissed this Count with prejudice. (Dkt. No. 43). Accordingly, Named Plaintiffs have removed the factual and legal averments from their First Amended Complaint but preserve all rights to seek appellate review of the Court's dismissal of their claim that Defendant violated the NJWHL by failing to pay Named Plaintiffs and similarly situated individuals for time designated by Defendant as meal breaks.

61. Defendant violated the NJWHL by failing to include the time Named Plaintiff Chiu and COVID-19 Class Plaintiffs spent/spend in COVID-19 screenings as hours worked for the purpose of paying overtime wages.

62. Defendant's conduct in failing to pay Named Plaintiff Chiu and COVID-19 Class Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

63. As a result of Defendant's conduct, Named Plaintiff Chiu and COVID-19 Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs, Class Plaintiffs, and COVID-19 Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of the New Jersey Wage and Hour Law;

(2) Defendant is to compensate, reimburse, and make Named Plaintiffs, Class Plaintiffs, COVID-19 Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiffs, Class Plaintiffs, and COVID-19 Class Plaintiffs are to be awarded liquidated damages under the NJWHL, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

(4) Named Plaintiffs, Class Plaintiffs, and COVID-19 Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(5) Named Plaintiffs, Class Plaintiffs, and COVID-19 Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: April 5, 2021

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

By way of example, but not limitation, Defendant is directed to preserve all video showing Named Plaintiffs and/or Class Plaintiffs clocking out and passing through security screenings and/or undergoing COVID-19 screenings.