MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Richard G. Rosenblatt
Joseph A. Nuccio
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE VACCARO and JENNIFER CHIU, <br><br> Plaintiffs, <br> v. <br><br> AMAZON.COM.DEDC, LLC, <br><br> Defendant. | Civil Action No. 3:18-11852 (FLW) (TJB) <br><br> **CERTIFICATION OF JOSEPH A. NUCCIO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AS TO PLAINTIFF DIANE VACCARO** <br><br> **Electronically Filed** |

I, Joseph A. Nuccio, of full age, hereby certify as follows:

1. I am Of Counsel to the law firm of Morgan, Lewis & Bockius LLP, counsel for Defendant Amazon.com Services LLC[1] ("Defendant" or "Amazon") in the above-referenced matter. I am fully familiar with the facts set forth herein and make this Certification based on personal knowledge and in support of Defendant's Motion to Dismiss as to Plaintiff Diane Vaccaro ("Vaccaro") for failure to cooperate in discovery.

2. On July 14, 2021, Defendant served Vaccaro, through her counsel, with a Notice to Take Deposition of Plaintiff Diane Vaccaro. That Notice scheduled Vaccaro's deposition for August 24, 2021. A true and correct copy of that Notice is attached hereto as Exhibit A.

3. On August 18, 2021, Plaintiffs' counsel asked to meet and confer with Defendant's counsel regarding a discovery extension and a schedule for remaining first phase discovery. As

---

[1] Amazon.com.dedc, LLC was merged into Amazon.com Services LLC and no longer exists.

part of that meet-and-confer process, the parties agreed to reschedule Vaccaro's deposition. Specifically, on August 25, 2021, Defendant's counsel requested that Vaccaro's deposition be conducted on September 14, 2021, and asked Plaintiffs' counsel to confirm Vaccaro's availability on that date.

4. On September 2, 2021, this Court extended the deadline to complete the first phase of fact discovery to September 28, 2021. See Dkt. No. 64.

5. On September 8 and 9, 2021, the parties conferred further regarding Vaccaro's deposition. Defendant's counsel proposed September 16, 2021 as an alternative option for Vaccaro's deposition (or, if that date could not work, keeping September 14 as previously requested). Plaintiffs' counsel advised that they were working on confirming Vaccaro's availability.

6. On September 13, 2021, Defendant's counsel proposed September 21, 2021 as a further alternative option for Vaccaro's deposition if the other proposed dates could not work. Plaintiffs' counsel responded the next day, September 14, asking Defendant's counsel to reserve September 21 and that they were trying to confirm Vaccaro for that date.

7. On September 17, 2021, Defendant's counsel asked Plaintiffs' counsel if Vaccaro had yet responded regarding scheduling of her deposition. Plaintiffs' counsel responded the next day, September 18, that they still had not heard from Vaccaro.

8. On September 22, 2021, counsel for the parties met and conferred regarding, among other things, Vaccaro's deposition. Plaintiffs' counsel advised, during that meet-and-confer and by e-mail the following day (September 23, 2021), that they had been attempting to contact Vaccaro in order to schedule her deposition both by phone and in writing, and that while they were able to initially communicate with Vaccaro on September 8, 2021, their follow-up efforts to communicate with her and schedule her deposition had been unsuccessful. Accordingly, Plaintiffs' counsel advised that at that time, they were unable to confirm or schedule a date or time

for Vaccaro to be deposed. Plaintiffs' counsel proposed reconvening on October 7, 2021, about how best to proceed if they remained unable to communicate with Vaccaro. A true and correct copy of Plaintiffs' counsel's September 23, 2021 e-mail is attached hereto as Exhibit B.

9. On October 6, 2021, this Court extended the deadline to complete the first phase of fact discovery to November 5, 2021. See Dkt. No. 66.

10. Despite that extension providing Vaccaro with an additional month to resurface and appear for deposition, she did not do so. Rather, Plaintiffs' counsel confirmed to Defendant's counsel on November 8, 2021, that Vaccaro had still failed to communicate with them and they remained unable to communicate with her throughout that extended period.

11. Vaccaro's failure to appear for deposition has prejudiced Defendant by precluding Defendant from taking discovery necessary to move for summary judgment as to Vaccaro's claims by the November 12, 2021 deadline for such motion set by the Court.

12. The parties' counsel have conferred regarding this Motion and Plaintiffs' counsel has advised that they will not oppose it so long as such dismissal does not preclude Vaccaro from potentially being included as a class member (not a named plaintiff) in the event a class is ultimately certified. Defendant does not object to such result as to Vaccaro.[2]

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

MORGAN, LEWIS & BOCKIUS LLP
*Attorneys for Defendant*

By:   s/ Joseph A. Nuccio
      Joseph A. Nuccio

Dated: November 12, 2021

---

[2] Defendant denies that any portion of the Amended Complaint is suitable for class treatment and will be opposing Plaintiffs' anticipated Motion for Class Certification accordingly.