**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE VACCARO and JENNIFER CHIU, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>AMAZON.COM.DEDC, LLC,<br><br>        Defendant. | Civil Action No. 18-11852 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

      **THIS MATTER** comes before the Court upon Defendant Amazon.com.dedc, LLC's[1] Appeal of the Magistrate Judge's June 21, 2023 Letter Order granting Plaintiff Jennifer Chiu's Motion to Strike. (ECF No. 94.) Plaintiff opposed, and Defendant replied. (ECF Nos. 95 & 96.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the June 21, 2023 Letter Order (ECF No. 92) is **AFFIRMED**.

---

[1] Defendant says that Amazon.com.dedc, LLC no longer independently exists because it was merged into Amazon.com Services LLC. (ECF No. 94 at 3 n.1.)

I.   **BACKGROUND**

This is a wage-and-hour case for alleged unpaid overtime based on Defendant Amazon's policy of not paying hourly employees in its New Jersey fulfillment centers for time spent in security and temperature screenings.

On November 12, 2021, Plaintiff Chiu moved for class certification. (ECF No. 69.) That same day, Defendant moved for summary judgment. (ECF No. 67.) It also filed an unopposed motion to dismiss Plaintiff Diane Vaccaro for failure to cooperate with discovery. (ECF No. 68.)

In opposing the motion for class certification, Defendant submitted eleven declarations from putative class members addressing reasons why certification should be denied. (ECF Nos. 73-4 to 73-14.) Defendant also submitted a declaration from Peter Nickerson, a consultant specializing in economic and statistical analysis. (ECF No. 73-15.)

On February 1, 2022, Plaintiff Chiu moved to strike the eleven class members' declarations, arguing that the declarations had been gathered "surreptitiously" and that the witnesses had not been properly disclosed in advance. (ECF No. 78-1 at 8-12.[2]) She also moved to strike Nickerson's declaration on the ground that the expert evidence was not properly disclosed and was impermissible summary evidence under Federal Rule of Evidence 1006. (*Id.* at 12-14.)

The case was reassigned to the undersigned on April 11, 2022, and the Court subsequently entered a text order referring the discovery disputes raised in the motions to the Magistrate Judge for resolution. (ECF Nos. 84 & 85.) The text order read:

> TEXT ORDER: Based on the Court's review of Plaintiff's Motion to Certify Class (ECF No. 69) and Motion to Strike Defendant's Brief (ECF No. 78), and Defendant's Motion for Summary Judgment (ECF No. 67) and Motion to Dismiss as to Plaintiff Diane Vaccaro for Failure to Cooperate in Discovery (ECF No. 68), the parties have raised additional discovery issues pertinent to these

---

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

>pending motions. Within seven (7) days from the date of this Order, the parties are directed to contact the Honorable Tonianne J. Bongiovanni, U.S.M.J., to schedule a conference to facilitate resolution of these discovery issues and to determine whether additional discovery should be permitted prior to the Court ruling on these Motions. So Ordered by Judge Georgette Castner on 8/29/22.
>
>[(ECF No. 85.)]

On October 17, 2022, Judge Bongiovanni held a hearing on Plaintiff's motion to strike. (ECF No. 91.) Then, on October 24, Defendant sent correspondence to Judge Bongiovanni in further support of its position. (ECF No. 90.) On June 21, 2023, Judge Bongiovanni issued the Letter Order. (ECF No. 92.) The order struck the eleven declarations from previously undisclosed putative class members as well as one paragraph in Nickerson's declaration. (*Id.*)

On July 6, 2023, Defendant appealed those aspects of the Letter Order that struck the eleven declarations from putative class members. (ECF No. 94.) Defendant did not appeal the decision to strike the one paragraph from Nickerson's declaration. (*Id.* at 4 n.2.) Plaintiff opposed on July 24, and Defendant replied on July 31. (ECF Nos. 95 & 96.)

## II.     LEGAL STANDARD

In this District, magistrate judges are authorized to determine any pretrial, non-dispositive motion in civil cases. *See* L. Civ. R. 72.1(a)(1); *see also* 28 U.S.C. § 636(b)(1)(A). Once a magistrate judge issues an order, the parties may, within fourteen days, appeal to the District Court for further review. *See* Fed. R. Civ. 72(a). The party appealing bears the burden of demonstrating that the magistrate judge's decision should be overturned. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). "A district court, however, will review a magistrate judge's legal conclusions *de novo.*" *Anglin v. Anglin*, Civ. No. 16-04049, 2023 WL 8520762, at *4 (D.N.J. Dec. 8, 2023). And on a timely appeal, the District Court may modify or set aside any part of the magistrate judge's decision. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

Because a magistrate judge "is accorded wide discretion in addressing non-dispositive motions," the District Court ordinarily will reverse, modify, or vacate a non-dispositive order only if that "order is 'clearly erroneous or contrary to law'"—even if the District Court "would have decided the issue differently." *Marks*, 347 F. Supp. 2d at 149 (quoting 28 U.S.C. § 636(b)(1)). To find that an order was clearly erroneous, the District Court, after reviewing the entirety of the evidence, must be "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wisconsin*, 131 F.R.D. 63, 65 (D.N.J. 1990)). To be contrary to law, the order must have "misinterpreted or misapplied the applicable law." *Id.*

Finally, "[w]here a magistrate judge is authorized to exercise [his or her] discretion, the decision will be reversed only for an abuse of discretion." *United States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-5360, 2023 WL 8947385, at *3 (D.N.J. Dec. 28, 2023) (quoting *Rhett v. New Jersey*, Civ. No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007)); *see also Anglin*, 2023 WL 8520762, at *4 ("A district court may also apply a more deferential standard, the abuse of discretion standard '[w]here the appeal seeks review of a matter within the exclusive authority of the [m]agistrate [j]udge, such as a discovery dispute.'" (citation omitted)).

### III.  DISCUSSION

Defendant gives two reasons why this Court should vacate the June 21, 2023 Letter Order. *First*, "the Magistrate Judge lacked authority to rule on [the] Motion to Strike . . . because [the] [District] Court did not refer the Motion to Strike to the Magistrate Judge and only ordered the parties to meet with the Magistrate Judge to resolve discovery disputes." (ECF No. 94 at 2.) *Second*, "the Magistrate Judge's Order is contrary to law and clearly erroneous" because Plaintiff "could have cured any possible prejudice from Defendant's asserted disclosure violation." (*Id.*)

4

After careful review, neither reason is availing. The Letter Order is an appropriate exercise of the Magistrate Judge's authority, and the decision is neither clearly erroneous nor contrary to law. Accordingly, the Court affirms.

### A. MAGISTRATE JUDGE'S AUTHORITY TO RULE ON THE MOTION TO STRIKE

It is well settled that "a magistrate judge's jurisdiction extends . . . to nondispositive pretrial matters." *Prater v. Dep't of Corr.*, 76 F.4th 184, 194 (3d Cir. 2023). Indeed, the Federal Magistrate Act "permits a district court judge to 'designate a magistrate judge to hear and determine any pretrial matter,' without the parties' consent," except for certain delineated exceptions. *Id.* (quoting 28 U.S.C. § 636(b)(1)(A)). "If a party disagrees with the magistrate judge's decision on such matters, the party may timely object, after which the district court 'must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)).

In accordance with this authority, courts in the Third Circuit have repeatedly held that a magistrate judge may decide a motion to strike so long as the motion does not dispose of any party's claim. *See, e.g.*, *Delta Coatings, LLC v. Donjon Shipbulding & Repair, LLC*, Civ. No. 17-69, 2019 WL 13198219, at *1 (W.D. Pa. June 20, 2019) ("A ruling on a party's motion to strike filings is non-dispositive, at least where it is not otherwise determinative of any party's claims. Therefore, [the Magistrate Judge's] decision in this matter is subject to the 'clearly erroneous or contrary to law' standard of review." (collecting cases)); *Farkas v. Rich Coast Corp.*, Civ. No. 14-272, 2017 WL 10311283, at *5 (M.D. Pa. Dec. 29, 2017), *report and recommendation adopted*, 2018 WL 4643234 (M.D. Pa. Mar. 26, 2018) ("[C]ourts have routinely held that scheduling orders, rulings on motions to strike, and decisions denying improvidently entered clerical defaults are non-dispositive matters which fall within the jurisdiction of magistrate judges."); *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, Civ. No. 15-819, 2017 WL 11558096, at *1 n.1 (D. Del.

Dec. 11, 2017) ("Our Court has treated motions to strike as non-dispositive motions."); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 289 F.R.D. 424, 426 n.2 (E.D. Pa. 2013) (noting that motion to strike expert report was "not one of the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A) as being beyond the scope of a magistrate judge to adjudicate").

Here, the June 21, 2023 Letter Order did not dispose of any party's claim. The order on the motion to strike was therefore within the jurisdiction and scope of the Magistrate Judge's authority. The sole argument advanced by Defendant is that it was improper for the Magistrate Judge to decide the motion because it was not referred to her by the District Judge. (ECF No. 94 at 9 ("Because the [District] Court never referred the Motion to Strike to the Magistrate Judge, she lacked authority to enter the Order.").) But this argument ignores the Court's October 5, 2022 text order terminating all pending motions, including the motions for class certification and summary judgment, and directing the parties to contact the Magistrate Judge "to schedule a conference to facilitate resolution of these discovery issues and *to determine* whether additional discovery should be permitted." (ECF No. 85 (emphasis added).) Defendant focuses on a later clause in the order that states that the discovery issues would be determined by the Magistrate Judge "prior to the Court ruling on these Motions," claiming that this is evidence that the District Judge intended to decide the motion to strike in the first instance. (*Id.*) This is inaccurate, however. As defined in this District's Local Civil Rules, the term "Court" means "the United States District Court for the District of New Jersey," which encompasses both the District Judge and the Magistrate Judge. *See* L. Civ. R. 1.2 ("Definitions"). There was no explicit retention of the motion to strike by the District Judge. Instead, the Magistrate Judge was authorized to consider the pretrial motion and to decide whether to strike or to authorize additional discovery so as to cure any alleged prejudice.

In any event, Defendant's argument is undercut by how it proceeded. At the October 17, 2022 hearing on the motion to strike, before the Magistrate Judge, counsel for Defendant indicated

that he thought it was proper for the Magistrate Judge to render a decision on the motion, which could then be appealed by either party to the District Judge. (ECF No. 91 at 33-34 ("I think Your Honor has it right in the last comment. If either side wishes to take any exceptions to a decision, then they would go to Judge Castner. And I expect, you know, if either side feels that's needed, I would expect that's what either side would do.").) After the hearing, counsel for Defendant sent a letter to the Magistrate Judge with additional arguments, and no objection to the Magistrate Judge's authority to decide the motion is raised. (ECF No. 90.) Under these circumstances, Defendant's contention that it was somehow improper for the Magistrate Judge to decide the motion to strike is contradictory and meritless.

### B. ORDER STRIKING ELEVEN DECLARATIONS FROM PUTATIVE CLASS MEMBERS

Under Rule 26, a party is obligated to make known in its initial disclosures "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). A party then has a continuing obligation to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37 ensures compliance. It is "written in mandatory terms, and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" *Estes Express Lines v. U.S.A Lamp & Ballast Recycling, Inc.*, Civ. No. 21-00609, 2023 WL 3766020, at *5 (W.D. Pa. June 1, 2023) (quoting *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995)). Rule 37 states that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . , unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In

addition, a court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . may inform the jury of the party's failure; and . . . may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)-(C).

Courts in the Third Circuit consider numerous factors "when deciding whether to exclude evidence as a sanction, including (1) the prejudice or surprise to a party against whom evidence is offered; (2) the ability to cure that prejudice; (3) the likelihood of disruption to trial; (4) the bad faith or willfulness of the party who did not comply with the disclosure rules; and (5) the importance of the evidence to the proffering party's case." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 559 (D.N.J. 2022) (citing *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904 (3d Cir. 1977)).

In the June 21, 2023 Letter Order, the Magistrate Judge noted:

> [B]ased on the parties' agreement, discovery in this matter was bifurcated, and information regarding putative class members was not part of the initial stage of discovery. Rather, discovery regarding putative class members was stayed pursuant to the bifurcation decision until after the District Court ruled on Plaintiff's motion for class certification and Defendant's motion for summary judgment. As a result, the 11 putative class members, whose declarations Defendant now relies upon, were not identified in Defendant's Initial Disclosures, nor did Defendant otherwise identify them in discovery before the first stage of discovery closed. Indeed, they were never disclosed.
>
> [(ECF No. 92 at 1.)]

Considering these facts, the Magistrate Judge found exclusion to be the appropriate sanction, reasoning:

> [W]hile the exclusion of evidence is an extreme sanction, it is warranted under the circumstances of this case. Defendant's failure to identify these class members in its Initial Disclosures or otherwise reveal its intention to rely on them while the first phase of discovery remained opened is patently prejudicial to Plaintiff. The prejudice is exacerbated by the fact that discovery was bifurcated in this matter, such that discovery from putative class members was not

8

anticipated, as it was scheduled to take place in the second phase of discovery, after Plaintiff's motion for class certification and Defendant's motion for summary judgment were decided. As a result, Plaintiff had no reason to believe that Defendant would be relying on information from putative class members in its opposition to her motion for class certification. Plaintiff did not have the opportunity to conduct similar discovery from putative class members, nor did Plaintiff have the opportunity to engage in discovery with these 11 declarants. Further, despite Defendant's arguments to the contrary, the Court finds that there is no way to reasonably mitigate this prejudice now. Plaintiff considered whether she could cure the prejudice but determined that the amount of time needed to do so would be extensive and significantly disrupt this litigation. The Court agrees.

Conservatively, it would likely require 6 months for Plaintiff to conduct the necessary discovery. Time to obtain discovery from and to depose the 11 putative class members relied upon by Defendant would be necessary. Additionally, Plaintiff would have to be afforded time to determine whether these 11 putative class members are representative of the class as well as whether discovery from other putative class members is warranted. Given the decision to bifurcate, this is precisely the type of discovery that would be conducted in the second phase of discovery. Notably, the first phase of discovery is closed. Plaintiff's class certification motion and Defendant's summary judgment motion were filed and briefed. It would be extraordinarily disruptive to this litigation to delay the District Court's decision on those motions for the necessary additional discovery to take place now. The domino impact on the proceedings would be significant.

Moreover, the Court finds that Defendant has failed to establish good cause under Rule 16(b)(4) to support such a modification to the Court's schedule. Indeed, Defendant has not established that it was diligent in disclosing its intention to rely on the 11 putative class members at this juncture of the case. *See Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 WL 621690, *6 (3d Cir. March 3, 2022) (noting that Rule 16 requires good cause to be shown for court to modify scheduling order and finding that "touchstone for assessing whether there was good cause" is "diligence" of moving party). Further, while the Court does not find that Defendant necessarily acted in bad faith, the fact that it intended to rely on the declarations of the 11 putative class members was solely within its purview. Defendant had the ability to disclose same sooner, but intentionally chose not to do so. Even after filing the declarations, Defendant did not immediately provide Plaintiff with the declarants' contact information, nor did Defendant provide

> Plaintiff with the underlying data. Defendant's failure to do so is particularly perplexing under these circumstances. As a result, the Court finds that striking the declarations of the 11 undisclosed putative class members is warranted under relevant case law. The case law cited by the Defendant which is, for the most part, out of District and does not involve matters in which discovery was bifurcated, is therefore inapposite.

[(*Id.* at 2-4.)]

On appeal, Defendant argues that the Letter Order should be vacated because the Magistrate Judge's "primary justification for granting the Motion to Strike—that curing any prejudice would result in unacceptable additional delay—is clearly erroneous and contrary to law." (ECF No. 94 at 11.) Citing district court opinions from other Circuits, Defendant maintains that Plaintiff should have been compelled to take additional discovery from the eleven putative class members rather than strike the surprise declarations. (*Id.* at 11-13.) Defendant is of the opinion that the Magistrate Judge "exaggerated the degree of 'prejudice or surprise'" caused by Defendant's conduct. (*Id.* at 14-15 (citation omitted).)

The Court finds no clear error in either the Magistrate Judge's reasoning or conclusion. As noted, the parties agreed during the Initial Pretrial Conference in September 2020 to bifurcate fact discovery into two phases, with the first phase scheduled to be completed in November 2020 followed by motions for class certification and summary judgment. (ECF No. 46.) The parties agreed to limit discovery because, in Defendant's own words, "Amazon . . . objected that the list of putative class members should not be produced until after . . . summary judgment and class certification." (ECF No. 79 at 9 n.4.) The first phase's fact discovery deadline was repeatedly extended and closed on November 5, 2021. (ECF No. 66.) Then, after the close of discovery, Defendant's opposition to class certification included eleven declarations from putative class members who had not been previously disclosed to Plaintiff. (ECF Nos. 73-4 to 73-14.)

Under these facts, the Court agrees with the Magistrate Judge that allowing the declarations to be considered as evidence on the motion for certification would violate Rule 26, be inconsistent with how the parties agreed to approach pre-certification discovery, and substantially prejudice Plaintiff. To try to cure this prejudice would force either a reopening and significant expansion to the scope of pre-certification discovery or force Plaintiff to litigate at an unfair disadvantage—defending against surprise evidence from undisclosed witnesses—due to Defendant's conduct. As the Magistrate Judge explained, neither option is acceptable at this point. Defendant insists that discovery should have been reopened instead of the declarations excluded, but the concerns about further delay in this already aged case are valid. The additional delay resulting from Defendant's objection to the Magistrate Judge's June 21, 2023 Letter Order does not constitute a sound basis for this Court to vacate or modify the Letter Order. Accordingly, the Court affirms the decision to exclude the eleven declarations from previously undisclosed putative class members.

## IV.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown, **IT IS** on this 29th day of February, 2024, **ORDERED** as follows:

1. The June 21, 2023 Letter Order (ECF No. 92) is **AFFIRMED**.
2. The parties shall file their renewed motions for class certification, summary judgment, and/or to dismiss Plaintiff Diane Vaccaro by March 22, 2024. Responses shall be due by April 5, 2024. Replies shall be due by April 12, 2024.
3. The Clerk is directed to **TERMINATE** the motion pending at ECF No. 94.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**