NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE VACCARRO et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>AMAZON.COM.DEDE, LLC,<br><br>        Defendant. | Civil Action No. 18-11852 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Jennifer Chiu's Motion for Reconsideration of the Court's Order and Opinion denying her Motion for Class Certification. (ECF No. 114.) Defendant Amazon opposed and Plaintiff replied. (ECF Nos. 120, 123.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **DENIED.**

**I.    BACKGROUND[1]**

This matter arises out of allegations that Defendant unlawfully withheld overtime wages owed to workers for time spent in mandatory security screenings. Plaintiff filed a Motion for Class Certification on March 22, 2024 seeking to certify the following class:

---

[1] The Court has previously found that it has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). (*See* ECF No. 21 at 9-10 (denying Plaintiff's Motion to Remand).)

> All Defendant's hourly fulfillment center employees who worked in New Jersey and who, during at least one workweek from May 11, 2016 (two (2) years prior to the original date of the filing of the Complaint) through the present, worked at least 40 hours during a workweek according to Defendant's timekeeping system.

(ECF No. 101-1 at 5.)

On October 30, 2024, the Court issued an Opinion and Order denying Plaintiff's Motion for Class Certification. (ECF Nos 110 & 111.)[2] The Court incorporates and presumes the reader's familiarity with that decision, which recites this case's full procedural history and factual background. (*See* ECF 110.) To summarize, the Court found that the putative class did not meet Rule 23(b)'s "predominance" requirement. (ECF No. 110 at 18.)[3] Rule 23(b)(3) dictates that "the questions of law or fact common to class members [must] *predominate* over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3) (emphasis added); *see also Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ("[Rule] 23(b)(3) requires that, before a class is certified under that subsection, a district court must find that questions of law or fact common to class members predominate over any questions affecting only individual members.") (internal quotations omitted). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson*, 577 U.S. at 453 (internal quotations omitted).

---

[2] The October 30, 2024 Opinion and Order also denied Defendant's Motion for Summary Judgment and dismissed Plaintiff Diane Vaccaro's claims for failure to appear in this case. (ECF Nos. 110 & 111.) Jennifer Chiu is now the sole named Plaintiff. The Opinion can also be found at *Vaccarro v. Amazon.com.dedc LLC*, 2024 WL 4615762 (D.N.J. Oct. 30, 2024).

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

The Court held that, because the putative class members were subject to differing security screening protocols based on the location and time period in which they worked, Plaintiff's proposed class "inherently involve[d] issues of individualized liability because [Amazon] cannot be liable to employees that were never subject to the alleged unlawful policy." (ECF No. 110 at 22) (quoting *Ogiamien v. Nordstrom, Inc.*, Civ. No. 13-05639, 2015 WL 773939, at *5 (C.D. Cal. Feb. 24, 2015)) (declining to certify a class for uncompensated post-shift security screenings because individualized questions predominated when only some, but not all, employees were regularly subjected to security screenings). For example, many employees in the proposed class— including Plaintiff herself when she worked at the Avenel, NJ facility—experienced significant periods in which they were not subject to any security screenings whatsoever. (ECF No. 110 at 19-20, 27.) The introduction of the "A-Z App" in 2020 further complicates the inquiry, as employees using the app could wait to clock out until after they had walked through security. (*Id*. at 7-8, 20.) Amazon would have no liability to these employees, who were presumably compensated for that time. (*Id*. at 20.) The Court therefore found that it was "unable to determine liability in 'one fell swoop' through common evidence that all employees were subject to a uniform policy that required uncompensated post-shift security screenings." (*Id*. at 21 (quoting ECF No. 101-1 at 32).)

Plaintiff now seeks reconsideration of the Court's October 30, 2024 decision, arguing that the Court erred in not granting certification of the original proposed class. (*See* ECF No. 114.) Alternatively, Plaintiff contends that the Court should have *sua sponte* certified a narrower class. (*Id*.)

## II.     LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, this District's local civil rules permit such motions if the movant: (1) files its

motion "within 14 days after the entry" of the challenged order; and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted). Such motions may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted).

"The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). A motion for reconsideration is "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). It is also improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). The purpose of a motion for reconsideration is to allow counsel to draw the court's attention to issues that "may have been overlooked by the court, not those which were overlooked by counsel." *See Est. of Harrison v. Trump Plaza Hotel & Casino*, Civ. No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) (quoting *Polizzi Meats, Inc. v. Aetna Life & Casualty Co.*, 931 F. Supp. 328, 339 (D.N.J. 1996)).

### III. DISCUSSION

#### A. Original Proposed Class

Plaintiff argues that the Court's refusal to certify the proposed class is "clear error." Plaintiff contends that the proposed class does, in fact, meet Rule 23(b)(3)'s predominance requirements because "[w]hether a facility implemented the screenings during a particular period is not an individualized issue at all." (ECF No. 114 at 6.) Furthermore, Plaintiff states that "the only individualized issue raised by the introduction of the A-Z App is whether, on any particular occasion, an employee **used** the A-Z App." (ECF No. 114 at 6 (emphasis in original).) Plaintiff claims that "such issues can be proven with common evidence—Amazon's electronic records." (*Id.*)

Plaintiff has failed to identify any factual or legal matter overlooked by the Court and instead rehashes her prior arguments, making reconsideration of the Court's ruling with respect to Plaintiff's original proposed class inappropriate. *See Bowers*, 130 F. Supp. at 613 ("Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion."); *Gov't Emps. Ins. Co. v. Stelton Radiology Corp.*, Civ. No. 18-502, 2022 WL 7991093, at *3-4 (D.N.J. Oct. 14, 2022) ("Reconsideration of this issue is not appropriate. The [party is] asking me to rethink something that I have already thought through."). For example, Plaintiff previously argued that "variations [of] Amazon's security screening practices and facility characteristics can be readily accounted for using common evidence and classwide methods." (ECF No. 109 at 14.) And, "even if some employees did clock out after screenings [using the A-Z App,] Amazon . . . can easily identify each instance where an employee used the App." (*Id.* at 16.) The Court undertook a detailed analysis of these arguments in its October 30, 2024 Opinion. (*See* ECF No. 110 at 16-28.) And, while Plaintiff may disagree with the Court's decision, "mere disagreement with a decision of the District

5

Court . . . is inappropriate on a motion for [reconsideration]." *Bowers*, 130 F. Supp. at 612. Therefore, the Court denies Plaintiff's Motion for Reconsideration with respect to the originally proposed class.

### B.     Narrowing the Proposed Class

Plaintiff additionally proposes narrower subclasses of either (a) all facility employees at which the screenings were implemented for the period prior to March 2020 excluding the Avenal facility (Subclass A); or (b) only Robbinsville facility employees for the same period (Subclass B). (ECF No. 114 at 7.)

Plaintiff points to the Court's October 30, 2024 Opinion where, in an attempt to avoid rejecting the Motion for Class Certification outright, the Court *sua sponte* considered a narrower subclass period of 2016 to March or April 2020.[4] The Court found that even the narrowed subclass did not remedy the predominance issues as there was still contradictory evidence as to whether the class members were all subject to the same security screenings during this period. (ECF No. 110 at 27.) Specifically, Plaintiff herself testified that when she worked at the Avenel, New Jersey facility from February through March 2019, there were no security screenings whatsoever. (*Id*.) In a footnote, the Court noted that further limiting the class into subclasses could "possibly remedy some of the commonality and predominance issues." (*Id*. at 27 n.7.) However, the Court noted

---

[4]     As noted in the Court's October 30, 2024 Opinion (*see* ECF No. 110 at 25, n.6), the Court "is not bound by Plaintiffs' proposed class definition and has broad discretion to redefine the class, whether upon motion or *sua sponte*." *In re Pressure Sensitive Labelstock Antitrust Litig*., Civ. No. 3:03-MDL-1556, 2007 WL 4150666, at *1 (M.D. Pa. Nov. 19, 2007). The Third Circuit has "held that a court should alter the class definition in lieu of rejecting class certification" but only "*if possible*." *See* 3 Newberg and Rubenstein on Class Actions § 7:27 (6th ed. Supp. June 2024) (emphasis added) (citing *Finberg v. Sullivan*, 634 F.2d 50, 64 n.9 (3d Cir. 1980) ("The problem identified by the district court might well be remedied by requiring a more specific or a narrower definition of classes. The district court should not deny certification on account of such problems without considering the possibility of redefining the classes.")).

that "the parties ha[d] not proposed any redefined classes or subclasses," and thus the Court did "not have sufficient information to find *sua sponte* that narrower class periods would satisfy the other requirements of Rule 23." (*Id*. at 27 n.7.)

Plaintiff's proposed subclasses attempt to cure the issues identified by the Court. Subclass A mirrors what the Court previously considered but also excludes the Avenel facility. (ECF No. 114 at 12.) Alternatively, Subclass B would limit the class to the Robbinsville facility alone, where there is "no dispute that Plaintiff underwent security screenings." (*Id*. at 8.)

Plaintiff states that she seeks "reconsideration of the Court's conclusion that it could not or would not" certify Subclass A and B. (*Id*. at 7.) The Court never made such a conclusion. These specific subclasses were first proposed by Plaintiff *after* the Court's October 30, 2024 Opinion. It is true that the Court suggested a more limited subclass *might* survive. (ECF No. 110 at 27 n.7.) But the Court explicitly declined to define such a subclass because the "the parties ha[d] not proposed any redefined classes or subclasses," and the Court found that it did not have sufficient information to do so *sua sponte*. (*Id*.) While courts have the discretion to redefine a class *sua sponte*, they do not have an unbending obligation. *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 408 (1980) ("[I]t is not the District Court that is to bear the burden of constructing subclasses. That burden is upon the [plaintiff] and it is he who is required to submit proposals to the court. The court has no *sua sponte* obligation so to act."); *see also Reyes v. Netdeposit, LLC,* 802 F.3d 469, 494 (3d Cir. 2015) (quoting *Geraghty*, 445 U.S. at 408)*; In re Lincoln Nat'l COI Litig*., 620 F. Supp. 3d 230, 267 (E.D. Pa. 2022) ("It may be that a narrower class or a grouping of subclasses could cure the predominance and adequacy issues presented by the current class. But plaintiffs, not the Court, bear the burden of constructing subclasses.") (internal citations and quotations omitted); *see also In re Initial Pub. Offering Sec. Litig*., 483 F.3d 70, 73 (2d Cir. 2007) ("The

7

Petitioners, having sought a broad class, are essentially complaining that we failed to narrow their class definition to an extent that might have satisfied Rule 23 requirements. Whatever authority we might have had to undertake that task, we did not think it appropriate to provide legal advice to experienced class action litigators.").

The Court is further reluctant to address the merits of Plaintiff's narrowed class proposal at this time given Defendant's limited opportunity to be heard in opposition. As Plaintiff points out, Defendant "declin[es] to make any substantive argument" regarding the proposed subclasses in their opposition brief. (ECF No. 123-1 at 6.) Given it is procedurally improper for this Court to consider new subclasses for the first time on reconsideration, Defendant had no responsibility to respond to the substance of Plaintiff's new arguments. *See Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (stating that motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers").

Plaintiff contends that Rule 23 "expressly contemplates courts revising orders to grant or deny class certification 'before final judgment.'" (ECF No. 123-1 at 7) (quoting Fed. R. Civ. P. 23(c)(1)(C).) Plaintiff cites to *Tropicana I*, 2018 WL 2357749, in which the court denied class certification, alongside *In re Tropicana Orange Juice Mktg. & Sales Pracs. Litig.*, Civ. No. 11-07382, 2019 WL 2521958 (D.N.J. June 18, 2019) (*Tropicana IV*), where Plaintiff argues the Court "revisit[ed the] decision to deny class certification a year later." (ECF No. 123-1 at 7.) These cases, Plaintiff contends, show that "Amazon overstates the finality of the Court's decision and the limited means through which Plaintiff can resuscitate her class claims." (*Id*.)

Plaintiff fails to mention, however, that a few months prior to *Tropicana IV*, the court in *In re Tropicana Orange Juice Mktg. & Sales Pracs. Litig.*, Civ. No. 11-07382, 2018 WL 2357749, (D.N.J. May 24, 2018) (*Tropicana II)* explicitly declined "to consider a modified class definition

8

*for the first time on reconsideration." In re Tropicana Orange Juice Mktg. & Sales Pracs. Litig.*, Civ. No. 11-07382, 2018 WL 6819331, at *2 (D.N.J. Dec. 28, 2018) (*Tropicana III*) (emphasis in original) (discussing *Tropicana II*). Other courts in this district have similarly declined to consider narrowed class certifications motions for reconsideration. *See Ying Yang v. Vill. Super Mkt., Inc.*, Civ. No. 18-10486, 2019 WL 2135908, at *3 (D.N.J. May 14, 2019) (declining to consider a proposal for a more limited class certification on a motion for reconsideration because such a motion "is not the time to propose new class definitions or to make new arguments"); *Gutierrez v. Johnson & Johnson*, Civ. No. 01-5302, 2007 WL 1101437, at *4 (D.N.J. Apr. 10, 2007) (denying the motion to reconsider wherein the Court was asked "to certify a narrower class than the one initially proposed in the event that the Court denies [the] motion for reconsideration").

In other words, while Plaintiff is correct that Rule 23 allows for "multiple bites at the apple," *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020), a motion for reconsideration is not the appropriate vehicle. Rather, a renewed motion for class certification is more appropriate. *Ying Yang*, 2019 WL 2135908, at *3; *Gutierrez* 2007 WL 1101437, at *4. The Court would "treat [a] renewed motion [ ] like any other for class certification and [ ] apply the usual Rule 23 standard." *Id.* (quoting *Carrow v. FedEx Ground Package Sys., Inc.*, Civ. No. 16-3026, 2019 WL 7184548, at *3 (D.N.J. Dec. 26, 2019)) (internal formatting omitted).

## IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Reconsideration (ECF No. 114) is **DENIED**. An appropriate Order follows.

Dated: March 31, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE